# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| D'WANNA WILLIAMS, ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | 2:21-cv-01654-ACA |
| ] | |
| R & P LAND COMPANY, LLC, ] | |
| ] | |
| **Defendant.** ] | |

## MEMORANDUM OPINION AND ORDER

Plaintiff D'Wanna Williams, having obtained a Clerk's entry of default (Doc. 12), now moves for entry of final default judgment against Defendant R & P Land Company, LLC on her claim for injunctive relief, attorney's fees, expenses and costs pursuant to the Americans with Disabilities Act ("ADA"). The court **GRANTS** the motion and **WILL ENTER** default judgment against R & P Land Company, LLC.

### I. BACKGROUND

A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quotation marks omitted). In addition, the court may consider other evidence in the record in resolving a motion for default judgment. *See* Fed. R. Civ. P. 55(b)(2)(C); *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

Ms. Williams is a paraplegic and double amputee who requires the assistance of a wheelchair for mobility. (Doc. 6 at ¶ 3). R & P Land Company, LLC ("R & P") is a domestic limited liability company that "[u]pon information and belief . . . is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically: the Consignment World store located at 1319 Bessemer Road, Bessemer, Alabama." (*Id*. at ¶ 4).

Ms. Williams lives within four miles of Consignment World and has visited the store on numerous occasions. (Doc. 16-1 at 1). On each of her prior visits, Ms. Williams encountered barriers to her full, safe, and equal access of the facility. (*Id*.; doc. 6 at ¶ 3). Specifically, Consignment World did not provide wheelchair accessible parking spaces, a wheelchair ramp to enter the store, or wheelchair accessible bathrooms. (Doc. 6 at ¶ 11). Ms. Williams intends to visit the store again in the future. (*Id*. at ¶ 9; doc. 16-1 at 2).

Ms. Williams filed this lawsuit on December 14, 2021 and named Consignment World Inc. as the sole defendant. (Doc. 1). Ms. Williams later filed an amended complaint naming R & P Land Company, LLC as the sole defendant. (Doc. 6). In a separate filing, Ms. Williams explained that, after filing her initial complaint, she discovered Consignment World Inc. sold the subject property to R & P on or about October 26, 2021. (Doc. 7 at 1).

Ms. Williams served R & P on March 23, 2022.  (Doc. 10).   R & P did not respond within the time prescribed by the Federal Rules of Civil Procedure and the Clerk entered default against it on April 27, 2022.  (Doc. 12).  Ms. Williams now moves for default judgment against R & P.  (Doc. 16).

In her motion for default judgment, Ms. acknowledges R & P has installed a wheelchair curb ramp at Consignment World.  (Doc. 16-1 at 2).  Ms. Williams also concedes that making the bathrooms wheelchair accessible is not readily achievable due to limited space.  (*Id.*; *see also* doc. 16-2).  Accordingly, Ms. Williams requests only that R & P provide wheelchair accessible parking in accordance with her expert, Gilbert Mobley's, recommendations.  (Doc. 16 at ¶ 10).  Ms. Williams also requests that R & P pay her reasonable attorney's fees, costs, and expenses.  (*Id*. at ¶ 9).

## II.   DISCUSSION

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment.  First, when a defendant fails to plead or otherwise defendant a lawsuit, the Clerk of Court must enter the party's default.  Fed. R. Civ. P. 55(a).  Second, if the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant as long as the well-pleaded allegations in the complaint state a claim for relief.  Fed. R. Civ. P. 55(b); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015).  Here, the Clerk

already entered default. (Doc. 12). Therefore, the court must decide whether Ms. Williams' complaint and other evidence establishes liability.

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The definition of discrimination includes "a failure to remove architectural barriers . . . in existing facilities, . . . where such removal is readily achievable." *Id*. at 12182(b)(2)(A)(iv).

Ms. Williams sufficiently states a claim under Title III of the ADA. As an initial matter, Ms. Williams is qualified as disabled under the definition provided in 42 U.S.C. § 12102(1). She also sufficiently alleges that R & P discriminated against her on the basis of that disability. Ms. Williams alleges that R & P does not provide wheelchair accessible parking at Consignment World, which prevents her full and equal enjoyment of the property. (Doc. 6 at ¶11(i)). She presents evidence that the barriers to accessible parking at Consignment World can be removed without much difficulty or expense. (*See* doc. 16-2); *see also* 28 C.F.R. § 36.304 (listing "[c]reating designated accessible parking spaces" as one example of a step to remove barriers). Accordingly, Ms. Williams pleads facts demonstrating that R & P

4

discriminated against her in violation of Title III.  *See* 42 U.S.C. § 12182(b)(2)(A)(iv).

Ms. Williams asks the court to grant injunctive relief and order R & P to provide accessible parking in compliance with ADA standards and the recommendations of Mr. Mobley.  (Doc. 16 at ¶ 10; doc. 6 at 6).  The court **WILL AWARD** Ms. Williams the requested relief.

Ms. Williams also seeks reasonable attorney's fees, costs, and expenses. (Doc. 6 at ¶ 15; doc. 16 at ¶ 9).  The ADA provides that the court may award the prevailing party reasonable attorney's fees, expenses, and costs.  42 U.S.C. § 12205. Therefore, the court **WILL AWARD** Ms. Williams reasonable attorney's fees, costs, and expenses.  Ms. Williams' attorney, Edward Zwilling is **DIRECTED** to file a fee application detailing his reasonable fees and expenses within thirty days following this order.

### III.  CONCLUSION

The court **GRANTS** Ms. Williams' motion for default judgment and **WILL ENTER DEFAULT JUDGMENT** in favor of Ms. Williams and against R & P after receiving Mr. Zwilling's fee application.

The court will enter a separate order consistent with this memorandum opinion at that time.

**DONE** and **ORDERED** this June 29, 2022.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE